IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| AMANDA KENNEDY,<br><br>　　Plaintiff,<br><br>v.<br><br>SOUTH UNIVERSITY,<br><br>　　Defendant. | CIVIL ACTION NO.:  4:21-cv-172<br><br>_____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**COMES NOW**, Amanda Kennedy, Plaintiff in the above captioned action, by and through her counsel of record, and files this Complaint against Defendant South University and shows this Honorable Court the following:

## INTRODUCTION

This is an action alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended ("ADA"), which prohibits discrimination on the basis of disability and retaliation on the basis of protected activity (requesting reasonable accommodations). Plaintiff is seeking injunctive, equitable, and monetary relief against Defendant.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is over the age of eighteen (18) and is a resident of Chatham County, Georgia.

2. Defendant is a domestic limited liability company, registered and authorized to conduct business in the State of Georgia. Defendant is located in Chatham County, Georgia and all conduct alleged in this Complaint occurred in Chatham County, Georgia. Service may be had

upon its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

3. Jurisdiction and venue are proper.

4. Plaintiff has timely fulfilled all administrative requirements prior to bringing this action.

## FACTUAL ALLEGATIONS

5. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

6. Plaintiff became a student admitted to the School of Pharmacy with Defendant on June 6, 2016.

7. Plaintiff is a person with a disability as defined by the ADA. Specifically, Plaintiff suffers/suffered from Attention Deficit Hyperactivity Disorder.

8. Defendant was aware of Plaintiff's condition and need for academic accommodations based on written documentation from her doctors which Plaintiff provided to Defendant at the commencement of the first semester.

9. Plaintiff was granted limited and incomplete ADA accommodations on June 30, 2016, February 16, 2017, August 31, 2018, and her psychiatrist sent Defendant written affirmation of Plaintiff's learning disability on March 3, 2019.

10. At no relevant time did Defendant have an office of disability services or any centralized office that coordinated accommodations for students with disabilities.

11. Plaintiff was expected to seek academic accommodations with individual professors for individual classes each semester.

12. Plaintiff was admitted into her degree program based on her own merits and passed several of her courses with grades in the "A" and "B" range and when professors followed the approved ADA academic accommodations as set forth by her doctors.

13. Plaintiff's psychiatrist recommended, and the university agreed to, the following academic accommodations: All exams to be administered in the morning, and prior to clinical work duties; time-and-a-half for written and laboratory exams; exams to be administered in a quiet, private setting; with an easily visible clock; and computerized tests.

14. On or about August 31, 2018, Plaintiff entered the third year of the degree program called Advanced Pharmacy Practice Experiences (hereinafter "APPE") under clinical supervisor and professor Dr. James W. Fetterman.

15. At all times relevant to this Complaint, Dr. James W. Fetterman was in charge of clinical assignment and rotations and would be responsible for enforcing Plaintiff's approved ADA accommodations.

16. The course required Plaintiff to complete 40 hours of clinical work, and she was placed at the Ambulatory Care Rotation unit at the Veterans Administration Hospital under the supervision of Dr. Edward Kowalewski.

17. Ambulatory Care Rotation required Plaintiff to work long clinical hours alone, without a partner, in violation of the ADA Rules and Guidelines for reduced work hours.

18. Plaintiff worked 10-12 hour shifts, with only a 5-10 minute lunch break, and never missed a day of clinical work. She often work additional hours in order to make phone calls to set-up the next day's schedule at the request of Dr. Kowalewski and in violation of her approved ADA accommodations.

19. On or about October 18, 2018, Plaintiff sent emails to Dr. Fetterman requesting to be moved from clinical rotation at the VA Hospital to a rotation that met her ADA guidelines. This request was ignored.

20. On or about October 14, 2018, Plaintiff sent emails to Dean Gabriella Fischer and Dr. Fetterman again requesting to be moved from clinical rotation at the VA hospital to a rotation that had reduced clinical work hours and allowed her time to study and prepare for exams. This request was also ignored.

21. On or about November 16, 2018 Plaintiff took a ~~quiz~~ midterm for Dr. Kowalewski after 3 consecutive days of working full-time at the VA Hospital. Plaintiff was not allowed to study for the 1200 PowerPoint slides quiz after seeing several patients earlier the same day; Dr. Kowalewski did not go over the slides with Plaintiff prior to the quiz; and Dr. Kowalewski threatened to deduct time from her quiz if she left clinicals early to rest and study for the handwritten, paper quiz all in violation of the ADA violation recommended accommodations.

22. Plaintiff had not had any issues in other classes with receiving a computerized quiz, with a visible timer/clock, in the morning, and in a quiet, private setting prior to this quiz.

23. On or about November 16, 2018, Plaintiff took the Midterm exam administered by Dr. Kowalewski did not properly grade Plaintiff's exam and did not properly compute her overall course grade in the VA Hospital clinical rotation.

24. On or about December 7, 2018, Plaintiff took the Final exam administered by Dr. Kowalewski did not properly grade Plaintiff's exam and did not properly compute her overall course grade in the VA Hospital clinical rotation.

25. On or about December 14, 2018, Plaintiff received a failing grade based on the failing grades on her midterm and final examinations.

26. On or about December 14, 2018, Dr. Fetterman told Plaintiff that he would change Plaintiff's failing grade based on her ADA accommodations.

27. On or about December 18, 2018, Dr. Fetterman and Dr. Adams recalculate the midterm exam grade using the correct weights and percentages that was displayed in Dr. Kowalewski's syllabus.

28. On or about February 4, 2019, Dean Shelly Fichau, Dean of Student Affairs, wrote a letter to Plaintiff with the outcome of her grievance of discrimination and informed Plaintiff that academic accommodations to do transfer over to APPE rotations.

29. On or about February 8, 2019, Dr. Gabriella Fischer wrote an email to Plaintiff informing her that academic "accommodations do not apply to workplace settings which APPEs are."

30. On or about March 1, 2019, Plaintiff reviews her failing grade on the final exam for the first time since the December 2018 exam date.

31. On or about March 4, 2019, Plaintiff reviews notice from Dean Jones that she was released from the degree program and not to return to clinical rotations.

32. On or about March 19, 2019, Plaintiff prepared a written appeal to present to the dean during a scheduled appeal meeting. During that meeting, Plaintiff was told that if she tried to present the appeal letter from her backpack, they would call the police and have her arrested.

33. Defendant intentionally discriminated against Plaintiff based on her disability, her history of disability, and/or Defendant's perception of Plaintiff as an individual with a disability, by failing her clinical rotation examinations, in violation of the Americans with Disabilities Act, as amended. Plaintiff also believes that Defendant's actions against her were in retaliation of her complaints about discrimination during her clinical rotations at the VA Hospital.

34. Defendant's actions resulted in Plaintiff's removal from her degree program with just one month remaining until her graduation.

35. Plaintiff suffered an adverse academic and employment termination because she was perceived as being disabled.

## CAUSE OF ACTION

### COUNT 1

**Termination in Violation of the Americans with Disability Act, as Amended (ADAA)**

36. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

37. Defendant is an employer in accordance with 42 U.S.C. §12111(5).

38. Plaintiff is a person with a disability in that She has a physical impairment which substantially limits one or more of his major life activities.  42 U.S.C. §12102. Furthermore, She is a qualified individual with a disability in that he has a record of impairment and is perceived as having an impairment which substantially limits one or more major life activities in accordance with 42 U.S.C. §12102.

39. Despite the plaintiff's disability, She is and was able to perform the essential functions of working in clinical rotations as she had done so in several previous semesters.

40. Defendant intentionally, maliciously, and with reckless indifference failed and terminated the Plaintiff because of her actual or perceived disability or her record of a disability.

41. Plaintiff seeks to redress the wrongs alleged herein in this Complaint for the loss of her clinical certification and ability to return to classes and complete her degree program.

42. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

43. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of her degree, loss of opportunities she would have received had she been able to complete her degree, and loss of several clinical certifications that were earned and since expired. Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

## COUNT II

**Retaliation in Violation of the Americans with Disability Act, as Amended (ADAA)**

44. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

45. During the last semester of Plaintiff's clinical rotation, Plaintiff was treated differently because of her disabilities. Because of this treatment, Plaintiff complained to her professors and others regarding said treatment.

46. Plaintiff also filed a grievance with student affairs.

47. After Plaintiff complained about her treatment to student affairs, she received a failing grade from the same professor that she complained about.

48. Defendant's reasons for Plaintiff's removal from her degree program were a pretext for discrimination because of her disability and in retaliation for Plaintiff making complaints about her treatment because of her disability and/or discrimination.

49. Defendant intentionally, maliciously, and with reckless indifference removed Plaintiff in retaliation for her complaints about her treatment because of her disability and/or discrimination.

50. Plaintiff seeks to redress the wrongs alleged herein in this suit for the loss of her clinical certification and ability to return to classes and complete her degree program, an injunctive and a declaratory judgment. Plaintiff is now suffering, and will continue to suffer, irreparable injury

from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

51. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of her degree, loss of opportunities she would have received had she been able to complete her degree, and loss of several clinical certifications that were earned and since expired. Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendant are violative of the rights of Plaintiff as secured by the Americans With Disabilities of Act 1990, as amended, 42 U.S.C. Section 12101, et seq. and §504.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the Act of Congress known as the Americans With Disabilities of Act 1990, as amended, 42 U.S.C. Section 12101, et seq. and §504.

3. Enter an Order requiring the Defendants to make the Plaintiff whole by awarding her reinstatement into her degree program and reinstate her clinical certifications she would have had occupied in the absence of disability and retaliation.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

Respectfully submitted,

This, the 8th day of June, 2021.

                                                  /s/ Joseph J. Steffen, Jr.
                                                Joseph J. Steffen, Jr.
                                                GEORGIA BAR NO.: 677766
                                                Attorney for Plaintiff

Law Office of Joseph J. Steffen, Jr.
317 Tattnall Street
Savannah, Georgia 31401
(912) 604-4147
steffjj@aol.com